United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Action No. |
| DUSTIN J. DeNUNZIO, ANTHONY GATTINERI AND CHARLES A. LIGHTBODY, | ) ) ) ) | 14-10284-NMG |
| Defendants. | ) ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In April, 2015, Magistrate Judge Bowler issued a Memorandum & Order that, inter alia, denied a motion by defendants Dustin J. DeNunzio, Anthony Gattineri and Charles A. Lightbody (collectively, "defendants") for a bill of particulars. Defendants have filed an objection to that ruling.

An indictment "need not be infinitely specific." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993). To that end, a court need only grant a motion for a bill of particulars

> if the accused, in the absence of a more detailed specification, will be [1] disabled from preparing a defense, [2] caught by unfair surprise at trial, or [3] hampered in seeking the shelter of the Double Jeopardy Clause.

Id. at 1192-93; see also United States v. Chalmers, 410 F. Supp. 2d 278, 283 (S.D.N.Y. 2006) ("[A] bill of particulars is

required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.")

Here, defendants seek a bill of particulars for clarification of what they contend is a facial ambiguity in Paragraph 19 of the Indictment. Defendants contend that the government's use of the phrase "financial interest" is "impenetrably opaque", will lead to unfair surprise and, thus, prevents them from adequately preparing their defense to the government's allegation that defendants concealed Lightbody's financial interest in FBT Everett Realty LLC ("FBT"). As such, they request that the government be ordered to identify exactly what was the alleged nature of the "financial interest" in FBT that Lightbody possessed as of January 17, 2013. The government responds that the 47-paragraph Indictment extensively describes the purported conspiracy and provides ample particulars on its face.

The Court agrees. In the first place, the term "financial interest" is not, in itself, a vague or ambiguous phrase, as defendants contend. A "financial interest" is defined as: "[a]n interest [i.e., a legal share in something] involving money or its equivalent; esp., an interest in the nature of an investment." BLACK'S LAW DICTIONARY 934 (10th ed. 2014) (alternatively termed "pecuniary interest"). The fact that a

financial interest may be manifested in several ways does not mean ipso facto that the government's use of the term adversely affects defendants' ability to prepare for trial.

The Indictment repeatedly refers to Lightbody's alleged continued financial interest in FBT and to defendants' concealment thereof. The government need not elaborate on the precise method of how Lightbody intended to realize that financial interest. To hold otherwise would incorrectly require the government to disclose its trial strategy for proving its allegations. See United States v. Stryker Biotech, LLC, No. 09-cr-10330-GAO, 2010 WL 2900684, at *3 (D. Mass. July 21, 2010) ("A bill of particulars is not a tool of discovery, [] its [proper] purpose is not to obtain disclosure of evidence ... or the government's legal theories.").

In addition to the detailed Indictment, the government has disclosed the grand jury transcripts and exhibits to defendants. They are thus well aware of the specific allegations against them and have been provided with a satisfactory framework of the government's case. See id. at *4. As such, they will not be prevented from preparing a meaningful defense, nor are they likely to be confronted with undue surprise at trial with respect to their alleged concealment of Lightbody's purported financial interest in FBT. See Sepulveda, 15 F.3d at 1193; see

3

also United States v. Nelson-Rodriguez, 319 F.3d 12, 30-31 (1st Cir. 2003).

**ORDER**

Accordingly, defendants' objection to Magistrate Judge Bowler's Memorandum & Order denying their motion for a bill of particulars (Docket No. 110) is **OVERRULED**.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                         Nathaniel M. Gorton
                                         United States District Judge

Dated May 29, 2015