United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| DUSTIN J. DENUNZIO, ) | Criminal Action No. |
| ANTHONY GATTINERI and ) | 14-10284-NMG |
| CHARLES A. LIGHTBODY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Defendants Dustin DeNunzio ("DeNunzio"), Anthony Gattineri ("Gattineri") and Charles Lightbody ("Lightbody") are charged with wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. This case is currently scheduled for trial on Monday, April 11, 2016. On Friday, March 25, 2016, defendant Lightbody filed a motion to continue or sever the trial on the grounds that he is currently physically and mentally incompetent to stand trial due to the fact that he is currently recovering from a course of chemotherapy intended to treat his lymphoma. That treatment was completed in December, 2015.

Lightbody continues to be treated with an investigational new drug and, according to his oncologist, will remain on preventive antibiotics until June, 2016 due to an increased risk

of infection created by his treatment. His physician recommends that Lightbody "minimize the risk of infection by limiting public exposure" and states that he does not believe Lightbody is physically ready to stand trial. Lightbody also reports profound cumulative fatigue, forgetfulness, memory loss and mental fogginess resulting from his chemotherapy, a condition known as "chemo-brain." Lightbody's physician reports that this condition is not well-understood but is not unusual in patients treated with chemotherapy and can progress for up to two years following treatment.

I. **Analysis**

   A. **Alleged Physical Incompetence to Stand Trial**

A criminal defendant is considered physically incompetent to stand trial if the trial will "pose a substantial danger to a defendant's life or health." United States v. Zannino, 895 F.2d 1, 14 (1st Cir. 1990). By contrast, "[t]he mere possibility of an adverse effect on a party's wellbeing is not enough to warrant a postponement." Id. In determining physical competency to stand trial, district courts must

> consider not only the medical evidence but also the defendant's activities (in the courtroom and outside of it), the steps defendant is taking (or neglecting to take) to improve his health, and the measures which can feasibly be implemented to reduce medical risks.

Id.

Defendant's sole complaint with respect to his physical health is that he has an increased risk of infection, which could be exacerbated by the public exposure that would be attendant to his presence at trial. The government has presented uncontested evidence, however, that since the completion of his course of chemotherapy Lightbody has twice traveled to Florida and has been seen gambling at the Seminole Hard Rock Hotel and Casino, a casino with over 90 game tables spanning a nearly three-acre floor. On one of the two occasions, a Massachusetts State Trooper reported observing Lightbody seated at a black jack table with approximately $30,000 worth of chips in front of him.

Defendant's activities and his behavior with regard to the maintenance of his health indicate that Lightbody is well enough in control of his medical condition to withstand the rigors of a jury trial. He has felt comfortable enough to expose himself repeatedly to a large, public environment of the kind about which his doctor has cautioned. Given his apparent toleration of such exposure, the Court finds to the risk of infection to be a "mere possibility" not "substantial" enough to pose a danger to his life or health.

Further, although Lightbody's physician stated that he does not believe Lightbody is physically prepared to stand trial, that opinion was not based on any first-hand knowledge of what a

jury trial actually entails. Accordingly, defendant's motion with respect to his alleged physical incompetence will be denied.

### B. Alleged Mental Incompetence to Stand Trial

A defendant may only be subjected to trial if he

> has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and . . . a rational as well as factual understanding of the proceedings against him.

Dusky v. United States, 362 U.S. 402, 402 (1960). The Court will grant a motion for a hearing to determine the mental competency of a defendant if there is

> reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C.A. § 4241(a).

Lightbody reports problems with his attention and memory due to his "chemo-brain," but not with his ability to reason or understand the nature or consequences of the charges against him. Accordingly, while such issues could impede Lightbody's "factual understanding" of the course of the proceedings, they should not prevent him from having a "reasonable degree" of "rational understanding" of the contents of the proceedings.

The Court finds it unlikely that Lightbody's present impairment is severe enough to meet the standard for mental

incompetence. Because his counsel has requested a mental competency evaluation the Court will, however, allow defendant's motion to the extent that it will commission such an examination if it can be completed within one week.

### ORDER

For the foregoing reasons, defendant's motion to continue or sever the trial (Docket No. 368) is **DENIED**, except insofar as defendant Lightbody will be subjected to a mental competency examination to be completed on or before Monday, April 4, 2016, with a report of such examination to be submitted to the Court on or before Wednesday, April 6, 2016. The government is hereby directed to propose to the Court on or before the close of business on Wednesday, March 30, 2016 an appropriate psychologist or psychiatrist to conduct the mental competency examination, and then to follow through after this Court's designation to assure compliance with the imposed deadlines.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 29, 2016