United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| DUSTIN J. DENUNZIO, | ) Criminal Action No. |
| ANTHONY GATTINERI and | ) 14-10284-NMG |
| CHARLES A. LIGHTBODY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER

At the final pretrial conference on Wednesday, April 6, 2016, the Court issued a ruling denying the motion of Anthony Gattineri and Dustin DeNunzio for a Pre-Trial Proffer and Determination with Respect to Alleged Co-Conspirator Hearsay Statements Under Petrozziello (Docket No. 291). The government requested clarification of the Court's ruling with respect to individual statements briefed in the parties' memoranda. Accordingly, the Court provides the following:

- The Court will provisionally admit the December 5, 2012, December 11, 2012, February 21, 2013 and February 28, 2013 conversations between **Lightbody** and **Darin Bufalino** in defendants' memorandum of law (pages 5-9 of Docket No. 292) as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). The Court will also provisionally admit the December 11, 2012 conversation as a statement against the declarant's penal or pecuniary interest under Fed. R. Evid. 804(b)(3).

- The Court will provisionally admit the conversations between **Lightbody** and **Paul Simms**, the loan officer at

-1-

First Ipswich Bank, in the government's opposition memorandum (page 4 of Docket No. 326) and the June 27, 2013 and July 2, 2013 conversations between **Lightbody** and **Jamie Russo** in the government's opposition memorandum (pages 4-5 of Docket No. 326) as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E).

  o The two **Russo** conversations will not be admitted as non-hearsay, and consequently, the government will be required to meet its burden with respect to each element of Rule 801(d)(2)(E) if it intends to offer these statements in evidence.

- The Court will provisionally admit the July 2, 2013 conversation between **Lightbody** and **Gary DeCicco** (which is reproduced twice, in the government's opposition memorandum, page 5 of Docket No. 326 and in the government's supplemental memorandum at pages 8-9 of Docket No. 362) both as non-hearsay and as a statement against pecuniary or penal interest under Fed. R. Evid. 804(b)(3).

- The Court will provisionally admit the July 10, 2013 conversation between **Lightbody** and **DeNunzio** in the government's opposition memorandum (page 5 of Docket No. 326) both as non-hearsay and as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E).

- The Court will provisionally admit the related July 10, 2013 conversation between **Lightbody** and **Gary DeCicco** in the government's opposition memorandum (pages 5-6 of Docket No. 326) as non-hearsay.

- The Court will provisionally admit the July 2, 2013 conversation between **Lightbody** and **Michael DiPlatzi** (which is reproduced twice, in the government's opposition memorandum at pages 6-7 of Docket No. 326 and in the government's supplemental memorandum at page 11 of Docket No. 362) as a co-conspirator statement under Fed. R. Evid. 801(d)(2)(E) and as a statement against the declarant's penal or pecuniary interest under Fed. R. Evid. 804(b)(3).

- The Court will provisionally admit the July 15, 2013 conversation between **Lightbody** and **Michael Flood** in the government's opposition memorandum (page 8 of Docket No. 326) as a co-conspirator statement under

-2-

Fed. R. Evid. 801(d)(2)(E), as the statement of an agent or employee under Fed. R. Evid. 801(d)(2)(D) or as the statements of an authorized person under Fed. R. Evid. 801(d)(2)(C). The statements will not be admitted as non-hearsay. Consequently, the government will be required to meet its burden with respect to each element of either Rule 801(d)(2)(C), (D) or (E) if it intends to offer these statements in evidence.

- The following statements will be provisionally admitted as statements against the declarant's penal or pecuniary interest under Fed. R. Evid. 804(b)(3):

  o The August 16, 2012 phone call between Charles Lightbody and Darin Bufalino in the government's supplemental memorandum (pages 4-5 of Docket No. 362);

  o The August 22, 2012 phone call between Charles Lightbody and Darin Bufalino in the government's supplemental memorandum (page 5 of Docket No. 362);

  o The November 13, 2012 phone call between Charles Lightbody and Darin Bufalino in the government's supplemental memorandum (pages 5-6 of Docket No. 362);

  o The December 5, 2012 phone call between Charles Lightbody and Darin Bufalino in the government's supplemental memorandum (page 6 of Docket No. 362);

  o The December 20, 2012 phone call between Charles Lightbody and Darin Bufalino in the government's supplemental memorandum (pages 7-8 of Docket No. 362);

  o The July 1, 2013 phone call between Charles Lightbody and Michael Galli in the government's supplemental memorandum (page 11 of Docket No. 362); and

  o The July 9, 2013 phone call between Charles Lightbody and Joseph Kehoe in the government's supplemental memorandum (pages 11-12 of Docket No. 362).

The government is reminded that it will need to provide extrinsic evidence to prove all required elements of any applicable hearsay exceptions under Fed. R. Evid. 801(d)(2), or risk the declaration of a mistrial.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated April 8 , 2016